NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 17 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RONNIE EDWARDS,<br><br>　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>MONDORA, Dr.; et al.,<br><br>　　　　　Defendants-Appellees. | No.　16-15498<br><br>D.C. No. 2:13-cv-01316-JAD-CWH<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted August 9, 2017[**]

Before:　SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Nevada state prisoner Ronnie Edwards appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging various constitutional claims arising out of his pretrial detention at Clark County Detention Center. We have jurisdiction under 28 U.S.C. § 1291. We review de novo.

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Edwards' deliberate indifference to safety claims because, under any potentially applicable standard, Edwards failed to raise a genuine dispute of material fact as to whether defendants knew of or disregarded an excessive risk to Edwards' safety relating to a puddle of water on the floor. *See LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) (slippery shower floors do not give rise to an arguable claim for cruel and unusual punishment); *see also Castro v. County of Los Angeles*, 833 F.3d 1060, 1067-71 (9th Cir. 2016) (en banc) (setting forth elements of Fourteenth Amendment failure-to-protect claim by pretrial detainee).

The district court properly granted summary judgment on Edwards' constitutionally inadequate medical care claims because, under any potentially applicable standard, Edwards failed to raise a genuine dispute of material fact as to whether any of the defendants knew of and disregarded an excessive risk to Edwards' health. *See Toguchi*, 391 F.3d at 1057-60 (deliberate indifference is a high legal standard; a difference of opinion concerning the course of treatment, negligence, or medical malpractice does not amount to deliberate indifference); *Lolli v. County of Orange*, 351 F.3d 410, 418-19 (9th Cir. 2003) (pretrial detainee's claim of medical deliberate indifference is analyzed under the Fourteenth Amendment Due Process Clause rather than under the Eighth

16-15498

Amendment, but same standards apply); *see also cf. Castro*, 833 F.3d at 1067-71 (elements of pretrial detainee failure-to-protect claim).

The district court did not abuse its discretion by denying Edwards' various motions to amend his complaint because amendment would be futile. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (setting forth standard of review and explaining that a district court acts within its discretion to deny leave to amend a complaint if amendment would be futile); *see also Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has dismissed all claims over which it has original jurisdiction." (citations and internal quotation marks omitted)).

The district court did not abuse its discretion by denying Edwards' motion to file a surreply because Edwards did not identify in his motion the new arguments he alleges defendants raised or why such arguments would justify granting leave to file a surreply. *See Preminger v. Peake*, 552 F.3d 757, 769 n.11 (9th Cir. 2008) (court reviews for abuse of discretion a district court's decisions concerning its management of litigation).

The district court did not abuse its discretion by denying Edwards' Fed. R. Civ. P. 56(d) motion for a stay and additional discovery because Edwards failed to demonstrate that the discovery requested would have precluded summary

judgment. *See Getz v. Boeing Co.*, 654 F.3d 852, 867-68 (9th Cir. 2011) (setting forth standard of review and explaining that a plaintiff must show that the discovery sought would have precluded summary judgment).

The district court did not abuse its discretion by denying Edwards' discovery related motions because Edwards failed to demonstrate that he suffered any actual and substantial prejudice. *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) ("A district court is vested with broad discretion to permit or deny discovery, and a decision to deny discovery will not be disturbed except upon the clearest showing that the denial of discovery results in actual and substantial prejudice to the complaining litigant." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in denying Edwards' request to amend the scheduling order because Edwards did not demonstrate good cause as required by the Local Rules regarding such requests. See D. Nev. Local R. 26-4 (setting forth requirements to request modification of scheduling order); *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993) (abuse of discretion standard for determination of compliance with local rules).

We lack jurisdiction to consider the district court's denial of Edwards' motion for reconsideration of the district court's grant of summary judgment because Edwards failed to amend his notice of appeal or file a new notice of appeal

after the motion for reconsideration was denied. *See* Fed. R. App. P. 4(a)(1)(A) (notice of appeal must be filed within 30 days after entry of the judgment or order appealed from).

Because Edwards failed to raise his vision impairment in his oppositions to summary judgment, Edwards waived his right to raise this issue on appeal. *See Novato Fire Prot. Dist. v. United States*, 181 F.3d 1135, 1141 n.6 (9th Cir. 1999) (failure to raise issue during summary judgment waives right to do so on appeal).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**